## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM EDGAR STEPHENS III** | **CIVIL ACTION:** |
| **VERSUS** | **SECTION:** |
| **TAKE PAWS RESCUE and MONIQUE BONNAFFONS** | **MAGISTRATE:** |

## COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, William Edgar Stephens III, who, for his Complaint Under the Fair Labor Standards Act ("FLSA"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, William Edgar Stephens III, lives in Orleans Parish, State of Louisiana. Plaintiff was an employee of Take Paws Rescue and Monique Bonnaffons.

2. Defendant, Take Paws Rescue, is a Louisiana non-profit corporation authorized to do and doing business in Orleans Parish, State of Louisiana. Take Paws Rescue was at all times pertinent hereto subject to the FLSA and the employer of Plaintiff. Its registered agent for service is Monique Bonnafffons at 2730 Banks St., New Orleans, Louisiana 70119.

3. Defendant, Monique Bonnaffons, a person of the full age of majority who is believed to be domiciled at 525 Crystal St., New Orleans, Louisiana 70124. Monique Bonnaffons was at all times pertinent hereto subject to the FLSA and the joint-employer of Plaintiff.

4. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

5. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this district.

6. At all times pertinent hereto, Plaintiff, William Edgar Stephens III, was an employee of Take Paws Rescue and Monique Bonnaffons as that term is defined in 29 U.S.C. § 201, *et seq*.

## STATEMENT OF THE CASE

7. This Petition arises out of Defendants' individual and concerted efforts to deprive Plaintiff of monies rightfully earned under a scheme that violates the FLSA found at 29 U.S.C. § 201, *et seq.*, and specifically the collective action provision of the FLSA found at § 216(b).

8. Plaintiff herein worked hours while employed by Defendants for which he either received no compensation, for which he was improperly paid at a rate less than one-and-one half times his normal hourly rates, and/or for which he was paid below minimum wage.

9. Defendants' actions, as set forth more fully below, in failing to compensate Plaintiff and failing to keep records in accordance with provisions of the FLSA, were willful.

10. At all relevant times herein, specifically from December 2019 to present, Plaintiff was employed by Defendants as an onsite caretaker. As an onsite caretaker, Plaintiff was charged with caring for the dogs housed in the shelter twenty-four hours a day, seven days a week.

11. As sole compensation for Plaintiff's employment, Defendants allowed Plaintiff to live the warehouse that housed the dogs. No actual wages were paid to Plaintiff by Defendants at any time.

12. Plaintiff regularly worked over forty hours in a workweek in order to complete all of his job assignments. Defendants, however, did not pay Plaintiff for any of the hours worked.

Defendants, through their failure to pay wages owed, including overtime pay, denied Plaintiff his rights guaranteed to him under the FLSA.

13. Defendants have failed and continue to fail to meet the requirements of the FLSA by instituting polices and engaging in practices that deprive Plaintiff of wages earned, and violated the minimum wage, overtime pay and record keeping provisions of the FLSA.

## CAUSE OF ACTION

23. Plaintiff incorporates the allegations in the preceding paragraphs.

24. Plaintiff was not paid overtime wages as required by the FLSA when he worked more than 40 hours in a work week.  Moreover, Defendants failed to pay Plaintiff even minimum wage for the any of the hours worked while employed.

25. Defendants' failure to pay minimum wage and the overtime wage owed to Plaintiff in accordance with the FLSA was willful and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three years statute of limitations period applies to Plaintiff's damages in this case.

26. Plaintiff is entitled to minimum wage for all hours worked and overtime wages for all hours worked in excess of 40 in a work week, an amount equal to all of his unpaid wages as liquidated damages, as well as his reasonable and necessary attorneys' fees and costs of this action 29 U.S.C. § 216(b).

## PRAYER

27. Plaintiff respectfully requests that judgment be entered against Take Paws Rescue and Monique Bonnaffons awarding him:

   a. Minimum wage for all hours worked;

b. Overtime compensation for all hours worked in excess of 40 per week at the rate of one and half times his regular rate of pay;

c. An equal amount as liquidated damages;

d. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

e. Such other and further relief as may be required by law.

Respectfully Submitted:

_____
PRESTON L. HAYES (#29898)
RYAN P. MONSOUR (#33286)
ZACHARY R. SMITH (#37316)
BARRY W. SARTIN (#34075)
*HMS Law Firm*
3850 N. Causeway Blvd., Suite 590
Metairie, LA 70002
Telephone: (504) 356-0110
Facsimile: (504) 356-0112
*Counsel for Plaintiff*