UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM EDGAR STEPHENS, III | CIVIL ACTION |
| VERSUS | NO. 21-1603 |
| TAKE PAWS RESCUE, ET AL. | SECTION "R" (3) |

### ORDER AND REASONS

There are two jointly filed motions before the Court. The parties move for court approval of the settlement agreement.[1] They also move to file the proposed settlement agreement under seal.[2] For the following reasons, the Court denies the parties' motion to seal the settlement agreement. In light of this ruling, the parties must advise the Court within fourteen (14) days as to whether they wish to enter the settlement agreement into the public record for the Court's assessment.

### A. FLSA Settlement Agreements

Courts typically do not examine or approve settlement agreements. But "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court

---

[1] R. Doc. 16.
[2] R. Doc. 17.

[must] scrutinize[e] the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi,* 328 U.S. 108, 113 n.8 (1946)). The reason for this requirement "is because the provisions of the FLSA are mandatory, and not subject to negotiation and bargaining between employers and employees." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 718 (E.D. La. 2008) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). Thus, "[t]he Court should ensure that the settlement does not allow the employer to negotiate around the FLSA's mandatory requirements." *Bell v. Associated Wholesale Grocers Inc.*, No. 19-131, 2020 WL 1862297, at *1 (E.D. La. Apr. 14, 2020). In scrutinizing the parties' FLSA settlement agreement, the Court must determine that the compromise is (1) the product of a bona fide dispute and that it is (2) fair and reasonable. *See Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010).

### B. Motion to Seal

Because FLSA settlement agreements are presented to the Court for approval, those settlement agreements are "judicial records," to which a presumption of public access applies. *See, e.g., Jessup v. Luther*, 277 F.3d

926, 929-30 (7th Cir. 2002) ("The public has an interest in knowing what terms of settlement a federal judge would approve . . . ."); *Cantu v. Millberger Landscaping, Inc.*, No. 13-731, 2014 WL 1778892, at *1 (W.D. Tex. Apr. 25, 2014) ("[B]ecause FLSA settlements require a court finding that the settlement is fair and reasonable, these settlements become part of the judicial record."); *Baker v. Dolgencorp, Inc.*, No. 10-199, 2011 WL 166257, at *2 (E.D. Va. Jan. 19, 2011) ("[T]he common law right of access to judicial records and documents is implicated in a motion to file an FLSA settlement under seal."); *Tran v. Thai*, No. 08-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009) ("The presumption of public access to settlement of FLSA actions is particularly strong.").

Thus, courts are loath to assess whether an FLSA settlement agreement's terms are the product of a bona fide dispute and are fair and reasonable, without first establishing that it is appropriate to seal the settlement agreement. *See, e.g.*, *Taylor v. AFS Technologies, Inc.*, No. 09-2567, 2010 WL 2079750, at *1-2 (D. Ariz. May 24, 2010) ("The Court concludes that before being formally approved, the settlement agreement must be made part of the record in this case and may not be filed under seal."); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1244-45 (M.D. Fla. 2010) ("Sealing an FLSA settlement agreement between and employer and

3

employee, reviewing the agreement *in camera*, or reviewing the agreement at a hearing without the agreement's appearing in the record . . . thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace."); *Yaklin v. W-H Energy Servs. Inc.*, No. 07-422, 2008 WL 4951718, at *1 (S.D. Tex. Nov. 17, 2008) ("Where the judicial record at issue is a settlement agreement, settling [FLSA] claims, the public's interest in accessing the document often outweighs any interest in confidentiality.").

To establish that a judicial record should be filed under seal, it is not enough that the parties agree that the judicial record should be sealed. *See Binh Hoa Le v. Exeter Fin. Corp.*, No. 20-10377, 2021 WL 838266, at *5 (5th Cir. Mar. 5, 2021); *see also Eigenberger v. Tokyo Statesboro, GA, LLC*, No. 617-160, 2018 WL 2065942, at *2 (S.D. Ga. May 3, 2018) ("[T]he Court needs far more than the parties' agreement that the settlement agreement should be sealed."). "[C]ourts are duty-bound to protect public access to judicial proceedings and records." *Binh Hoa Le*, 2021 WL 838266, at *5. Even where, as here, the parties agree that a filing should be sealed, "[t]he public's right of access to judicial proceedings [remains] fundamental." *Id.* at *6. The Fifth Circuit has recently emphasized that "courts should be ungenerous with their discretion to seal judicial records," and sealing court documents "must

be justified and weighed against the presumption of openness that can be rebutted only by compelling and countervailing interests favoring nondisclosure." *Id*. at * 8.

And in the FLSA context in particular, courts have observed that "there is a strong presumption in keeping the settlement agreements . . . unsealed and available for public view." *Prater v. Com. Equities Mgmt. Co.*, No. 07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008); *see also Perry v. Nat'l City Bank*, No. 05-891, 2008 WL 427771 (S.D. Ill. Feb. 14, 2008) ("Given the nature of the FLSA suit . . . the Court finds it important for the settlement to be made accessible to the public . . . ."); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263-64 (M.D. Ala. 2003) (noting the "private-public character" of FLSA suits, "whereby the public has an independent interest in assuring that employees' wages are fair"). Courts have observed that parties will not overcome the presumption of public access to settlement agreements in FLSA cases, absent an "extraordinary" reason. *See, e.g,, Cantu*, 2014 WL 1778892, at *1; *see also Prater*, 2008 WL 5140045, at *9 ("Absent an extraordinary reason, sealing a settlement agreement in an FLSA case from public scrutiny would thwart the public's independent interest in assuring that employee's wages are fair . . . ."); *Stalnaker*, 293 F. Supp. 2d at 1264 ("Absent some compelling reason, the sealing from public

5

scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest . . . .").

Here, the parties fall far short of providing an "extraordinary" reason for the Court to seal their proposed settlement agreement. The joint motion to seal, three paragraphs long,[3] merely notes that the settlement agreement is confidential, and that public disclosure of "certain information" in the agreement "may be detrimental to [defendant's] business."[4] Without further explanation, the Court is unable to determine why the proposed settlement agreement should be sealed from public view. Accordingly, the Court denies the parties' motion to seal.

Given that the parties represent that their settlement is confidential, "it is unclear whether the parties would again settle this case if they knew their settlement would be subject to public scrutiny." *Cantu*, 2014 WL 1778892, at *1; *see also Parrish v. Defender Security Co.*, 2013 WL 372940, at *2 (N.D. Tex. 2013) ("[B]ecause in their motion to file the settlement agreement under seal the parties posit that confidentiality is a key and material term, the court will allow them 14 days from the date of this memorandum opinion and order to advise the court whether they continue

---

[3]  R. Doc. 17.
[4]  *Id.* at 1.

to request approval of the settlement[.]"). Accordingly, the Court will allow the parties fourteen (14) days from the date of this Order to inform the Court whether they still request approval of the settlement agreement, in light of the Court's denial of their motion to seal.

For the foregoing reasons, the Court DENIES the parties' joint motion to file the settlement agreement under seal.[5] It is ORDERED that the parties advise the Court by no later than **WEDNESDAY, APRIL 20, 2022,** as to their position in seeking approval of the settlement agreement.

New Orleans, Louisiana, this ___6th___ day of April, 2022.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5] *Id.*

7