UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WILLIAM EDGAR STEPHENS, III               CIVIL ACTION

VERSUS                                     NO. 21-1603

TAKE PAWS RESCUE, ET AL.                   SECTION "R" (3)


### ORDER AND REASONS

The parties jointly move for court approval of their settlement agreement.[1] For the following reasons, the Court grants the motion, and approves the proposed settlement agreement.


### I.  BACKGROUND

This suit arises out of allegations of unfair labor practices. Plaintiff William Edgar Stephens, III alleges that, from April 2020 through June 2021, he was employed as an onsite caretaker for defendants Take Paws Rescue and Monique Bonnaffons, and that he was not paid, or else was underpaid.[2] Specifically, plaintiff alleges that defendants compensated him

---

[1]   R. Doc. 16.
[2]   R. Doc. 8 ¶¶ 8, 10.

by allowing him to live in a warehouse that housed defendants' dogs, and that "[n]o actual wages were paid to [him] . . . at any time."[3]

On November 19, 2021, plaintiff filed this lawsuit, seeking, *inter alia*, payment of minimum wage for all hours worked, overtime pay at 1.5 times the regular rate for hours worked in excess of forty hours a week, and an equal amount as liquidated damages.[4]

On March 30, 2022, the parties filed a joint motion to approve a settlement agreement, representing that their agreement is fair and reasonable.[5] The parties also moved to file the proposed settlement agreement under seal.[6] The Court denied the motion to seal, and ordered the parties to file a notice into the record indicating whether they continue to seek the Court's approval of the settlement agreement.[7] In response, the parties filed a joint notice stating that they agree to file the settlement agreement into the public record, and continue to seek the Court's approval of the settlement.[8] The parties request that the settlement be approved and the case dismissed with prejudice.[9]

---

[3]   *Id.* ¶ 11.
[4]   *Id.* ¶ 27.
[5]   R. Doc. 16.
[6]   R. Doc. 17.
[7]   R. Doc. 19.
[8]   R. Doc. 20.
[9]   R. Doc. 16 at 1; R. Doc. 20 at 1.

## II. DISCUSSION

### A. The Proposed Settlement

In the context of claims for unpaid wages arising out of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, "[c]ourt approval of a settlement is necessary even when the FLSA action involves only a single employee plaintiff against his employer." *Rosa v. Gulfcoast Wireless, Inc.*, No. 18-4577, 2018 WL 6326445, at *1 (E.D. La. Dec. 3, 2018); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution.").[10]

In scrutinizing the parties' FLSA settlement agreement, the Court must determine that the compromise is (1) the product of a bona fide dispute and that it is (2) fair and reasonable. *See Bell v. Associated Wholesale Grocers Inc.*, No. 19-132, 2020 WL 1862297, at *1 (E.D. La. Apr. 14, 2020); *Domingue*

---

[10] The parties do not represent that the Department of Labor is overseeing payments of unpaid overtime wages to Stephens under 29 U.S.C. § 216(c).

*v. Sun Elec. & Instrumentation, Inc.*, No. 09-682, 2010 WL 1688793, at *1 (M.D. La. Apr. 26, 2010).

    1.    *Bona Fide Dispute*

To establish that this settlement arises from a bona fide dispute, "some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008); *see also Bell*, 2020 WL 1862297, at *1 (same).

The Court finds that the settlement is the product of a bona fide dispute. First, all parties are represented by counsel. *See Rosa*, 2018 WL 6326445, at *1 (finding representation by counsel material to whether there is a bona fide dispute). Although the existence of a lawsuit with attorneys representing the parties does not automatically establish that there is a bona fide dispute, representation on both sides "does indicate that the likelihood of a pressured settlement is low." *Id.* (citing *Collins*, 658 F. Supp. 2d at 720). Second, defendants previously filed a motion to dismiss plaintiff's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[11] Plaintiff filed an opposition to the motion, disputing

---

11    R. Doc. 5.

4

defendants' arguments.[12] This motion practice further reflects the existence of a bona fide dispute among the parties.

For these reasons, the Court finds that the settlement is a product of a bona fide dispute, and the Court proceeds to determine whether the settlement is fair and reasonable.

2. *Fair and Reasonable*

In determining whether a settlement is fair and reasonable, there is a "strong presumption in favor of finding a settlement fair." *Camp v. Progressive Corp.*, Nos. 01-2680, 03-2507, 2004 WL 2149079, at *5 (E.D. La. Sept. 23, 2004) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Although a collective action under the FLSA differs from a class action under Federal Rule of Civil Procedure 23, courts consider the same factors in determining whether the resulting settlement is fair and reasonable. *See, e.g., Bell*, 2020 WL 1862297, at *2; *Collins*, 568 F. Supp. 2d at 721; *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05-1969, 2009 WL 2856246, at *2 (E.D. La. Aug. 28, 2009). Those factors are: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs'

---

12   R. Doc. 11.

success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and absent class members. *See Liger*, 2009 WL 2856246, at *2 (citing *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983)). The Court applies these factors to Stephens's settlement "to the extent feasible." *Rosa*, 2018 WL 6326445, at *1 (noting that, under the FLSA, these factors are most applicable when a settlement resolves the claims of multiple class members in a collective action, but that they still apply when one litigant's claims are resolved by the proposed settlement).

The Court finds that the proposed settlement in this case is fair and reasonable. There is no evidence that the settlement is tainted by fraud or collusion. Furthermore, there is only one plaintiff in this lawsuit, and the case record to date indicates that this matter is not overly complex. Moreover, the parties state that, in the process of negotiating this settlement, they have engaged in "informal discovery" to evaluate "the amount of [plaintiff's] potential claim and merits thereof."[13] The parties also represent that both plaintiff's and defendants' lawyers are highly experienced and competent.[14] Indeed, defense counsel has forty years of experience in employment law.[15] The parties also represent that they have agreed to settle

---

13    R. Doc. 16 at 2.
14    *Id.*
15    *Id.*

6

so as to "provide more immediate relief and to avoid the burdens of contested litigation."[16] Relatedly, it is the parties' position that "[t]he additional expense and time that would be expended to litigate this matter would not serve the Parties' interests in light of the considerable efforts dedicated thus far."[17] Having reviewed the settlement agreement, the parties' representations in their motion to approve the settlement, and the record in the case, the Court finds that the settlement is fair and reasonable.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the parties' joint motion to approve the settlement agreement,[18] and hereby APPROVES the settlement agreement. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __14th__ day of June, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 1.
[17] *Id.* at 2.
[18] R. Doc. 16.